**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DR. UDAI BHANU,** <br>                **Plaintiff,** <br><br> v. <br><br> **MERRICK GARLAND, ALEJANDRO MAYORKAS, UR MENDOZA JADDOU, JOHN M. ALLEN,** <br>                **Defendants.** | **CIVIL ACTION** <br><br><br><br> **NO. 22-103** |

**MEMORANDUM**

**HODGE, J.**                                                                                   **September 18, 2023**

## I.  INTRODUCTION

Plaintiff Dr. Udai Bhanu is seeking judicial review of the United States Citizenship and Immigration Services ("USCIS") decision to deny his EB-1A Extraordinary Ability petition for an employment-based visa. (ECF No. 14.) The issue before the court is whether USCIS acted in an arbitrary and capricious manner, in violation of the Administrative Procedure Act ("APA"), when it denied Dr. Bhanu's petition for an "extraordinary ability" visa by failing to rationally apply the laws and regulations governing the visa application. Plaintiff and Defendants cross-move for summary judgment. (ECF Nos. 23; 27.) The Court finds that the cross motions are appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons that follow, Defendants' motion for summary judgment is granted and Plaintiff's motion is denied.

## II. BACKGROUND

### A. Factual Background[1]

Dr. Udai Bhanu ("Dr. Bhanu" or "Petitioner") is an Indian national and a nanotechnology researcher. (CAR 198-200.) He currently works as a Component Engineer with the CISCO Systems, Inc. (ECF No. 25 at 5) and previously worked for Global Foundries as a senior engineer (CAR 207.) He was admitted to the United States on an H1B visa in 2018. (CAR 198.) On June 25, 2021, while working as a senior engineer at a semiconductor manufacturing company, Dr. Bhanu submitted a petition to USCIS, seeking to obtain classification as an Alien of Extraordinary Ability[2]. (CAR 197.)

To be classified as an Alien of Extraordinary Ability, an applicant must file an I-140 petition with USCIS, indicating that they intend to continue working in the United States, and that this work will substantially and prospectively benefit the United States. 8 U.S.C. 1153(b)(1)(A). The petition must be accompanied by evidence that the petitioner has sustained national or international acclaim and that their achievements have been recognized in their field. This can be shown by either by earning a major, internationally recognized award, such as a Nobel Prize, or alternatively by meeting three of the ten outlined criteria under 8 C.F.R. 204.5(h)(3)(i)—(x), or other comparable evidence. 8 C.F.R. 204.5(h)(3). USCIS conducts its review of EB-1A petitions under a two-part analysis. *Kazarian v. USCIS*, 596 F.3d 1115, 1119-

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system for all citations excluding references to the Certified Administrative Record ("CAR") at ECF 26, for which the Court adopts the CAR pagination as originally filed.

[2] An Alien of Extraordinary Ability is described in Title 8 of the Code of Federal Regulations as one possessing "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. 204.5(h). Individuals classified as having extraordinary ability enjoy several benefits, including higher priority for available visas. 8 U.S.C. 1153(b)(1)(A).

1120 (9th Cir. 2010); *see also* United States Citizenship and Immigration Services, 6 USCIS Policy Manual F.3, https://www.uscis.gov/policy-manual/volume-6-part-f-chapter-2 (last visited August 11, 2023) [hereinafter "USCIS Policy Manual"]; (CAR 003.) First, USCIS reviewers must determine whether the petitioner has (1) won a major, internationally recognized one-time achievement; or, alternatively, (2) that they otherwise meet three of the enumerated criteria. 8 C.F.R. 204.5(h)(3)(i)-(x). Second, after determining if the evidence satisfies these criteria, USCIS will consider the totality of the evidence for a final merits determination of whether the petitioner has sustained national or international acclaim, and whether their achievements indicate that they are at the very top of the field of endeavor. USCIS Policy Manual; (CAR 003).

In his petition, Dr. Bhanu proffered evidence in support of three of the ten regulatory criteria: (iv) judging works of others in the field; (v) contributions of major significance; and (vi) authorship of scholarly articles in the field. 8 C.F.R. 204.5(h)(3)(iv)-(vi); (CAR 207.) Included in Dr. Bhanu's petition are exhibits of screen captures, expert opinion letters, and published scholarly articles along with an explanatory brief, all of which contextualize his submission. (CAR 206-509.)

### 1. USCIS' First Request for Evidence

On July 7, 2021, USCIS via its Texas Service Center ("TSC"), sent Dr. Bhanu a request for evidence ("RFE") with a deadline to respond on or by October 4d, 2021. (CAR 179.) The RFE stated that the "submitted evidence [met] the criteria" for both the judging and authorship categories, but that additional evidence was required to constitute contributions of major significance pursuant to 8 C.F.R. 204.5(h)(3)(v). (CAR 181-82.) The RFE outlined specific, additional evidence required to support Petitioner's claim, including objective documentary evidence of both originality, and that these contributions were of a "major significance" in the

field. (CAR 181-82). The RFE also requested a statement from Dr. Bhanu explaining how the documentary evidence demonstrated the requisite criteria, and invited additional letters and/or supportive testimony. (*Id.*)

### 2. Dr. Bhanu's Response to USCIS' First Request for Evidence

On October 22, 2021, 18 days after the deadline to respond had lapsed, USCIS received Dr. Bhanu's response to the RFE. (CAR 122-178.) Despite this late submission, Dr. Bhanu's petition was accepted and evaluated by USCIS pursuant to the Agency's updated policy in response to the COVID-19 pandemic to accept late submissions as timely if received within 60 days of the deadline. (CAR 003.) In Dr. Bhanu's response, he submitted another brief disputing USCIS's analysis of his initial evidence of original contributions of major significance, and providing additional expert letters and further citations to demonstrate the alleged originality and significant impact of his work. (*Id.*)

### 3. USCIS' First Denial of Dr. Bhanu's Petition

On November 5, 2021, USCIS issued a denial of Dr. Bhanu's petition. (CAR 109.) The decision explained that while the criteria for judging and authorship were met, Dr. Bhanu had not demonstrated that his work made a "major significant impact" on the field. (CAR 112.) Specifically, USCIS determined that the letters submitted in support of this criterion lacked specificity and failed to show that Dr. Bhanu's work "enjoyed a larger following[,]" or "affected the field as a whole[.]" (*Id.*) The denial letter also stated that the evidence does not show "how the field has changed as a result of [Dr. Bhanu's] work" or show that "other researchers have *widely* applied his research results." (*Id.*) Following this denial, on March 21, 2022, Dr. Bhanu filed this lawsuit challenging the decision as arbitrary and capricious under the APA. *Bhanu v. Thompson et al* (5:22-CV-00103-JFL); (ECF No. 1).

4

### 4. USCIS Reopened Dr. Bhanu's Petition and Issued a Second Request for Evidence

On April 11, 2022, after determining that it had not properly notified Dr. Bhanu of deficiencies in the record, USCIS reopened Dr. Bhanu's petition and withdrew its original decision. (CAR 108.)

### 5. USCIS' Notice of Intent to Deny Dr. Bhanu's Reopened Petition

On April 18, 2022, USCIS issued a Notice of Intent to Deny (NOID) Dr. Bhanu's I-140 petition. (CAR 097.) In its accompanying explanation, USCIS clarified that the evidence Dr. Bhanu submitted established only one of the required three regulatory criteria (Authorship under 8 C.F.R. §204.5(h)(3)(vi)). (*Id.*) The NOID also explained why the evidence Dr. Bhanu submitted in his petition failed to establish the two additional regulatory categories as set forth in 8 C.F.R. §204.5(h)(3). As to the category of participation as a "judge of the work of others," (8 C.F.R. §204.5(h)(3)(iv)), USCIS stated that no evidence was submitted to prove that Dr. Bhanu reviewed any work for the International Journal of Nanotechnology and Applications (IJNA) while working as an IJNA editorial member. (CAR 098-099.)

As to the category of "original contributions of major significance," 8 C.F.R. §204.5(h)(3)(v), USCIS explained that the evidence Dr. Bhanu provided, both in his initial petition and his RFE response, were insufficient to establish that his work was original or of major significance. (CAR 100-101.) According to USCIS, the expert letters Dr. Bhanu submitted lacked specific detail or documentary evidence as to how Petitioner's original contributions were of major significance to the field of nanotechnology. (CAR 099-101.) USCIS clarified that because Petitioner's field is a highly cited one, citation data can be "highly skewed," and submitting evidence of citation rates without further explanation does not demonstrate how one's work is particularly influential in the field. (CAR 100.) USCIS also explained that Petitioner could not

satisfy a final merits determination, the second part of its analysis, based on the submitted evidence as it failed to show how he had risen to the very top of his field. (CAR 101-103.) The NOID afforded Dr. Bhanu 33 days to submit additional evidence to cure these deficiencies. (CAR 104; CAR 003.)

### 6. Dr. Bhanu's Response to USCIS' Second Request for Evidence and Notice of Intent to Deny

On June 14, 2022[3] USCIS received Dr. Bhanu's response to the NOID. (CAR 003.) Dr. Bhanu's response included an evidentiary brief; his Google Scholar profile; citation analytics; a new expert opinion letter; and details of the peer-review process for the International Journal of Nanotechnology and Applications (IJNA). (CAR 003; CAR11-096.) In his evidentiary brief, Petitioner contended that USCIS's NOID lacked detail, retroactively revoked previously conceded criteria, mischaracterized his proffered evidence, and misapplied the relevant standards. (CAR 015-018.)

### 7. USCIS' Second Denial of Dr. Bhanu's Petition

On July 21, 2022, USCIS issued a Denial of Dr. Bhanu's I-140 petition. (CAR 001.) In the attached explanation, USCIS stated that Dr. Bhanu only met one of the three criteria required for individuals who have not earned a major, one-time achievement. (CAR 004-008.) USCIS found that Petitioner had only established the category of Authorship under 8 C.F.R. §204.5(h)(3)(vi). Regarding the category of Judging, 8 C.F.R. §204.5(h)(3)(iv), USCIS found that proof of membership on the board of IJNA, without further explanation of his duties as a member, did not establish that Dr. Bhanu was a judge of others' work. (CAR 004.) USCIS also found that the

---

[3] Despite being submitted after the 33-day deadline, USCIS accepted Dr. Bhanu's petition as timely pursuant to its COVID-19 policies and procedures, and considered all evidence Dr. Bhanu submitted in reaching its final decision.

additional evidence petitioner submitted in response to the NOID was unpersuasive because it was only applicable to the Journal of Knowledge Management (JKM), and not the IJNA, where Petitioner served as an editorial board member. (CAR 004.)

Regarding the "Original Works of Major Significance," category under 8 C.F.R. §204.5(h)(3)(v), USCIS explained that the letters initially submitted lacked specificity as to how Dr. Bhanu's contributions were of major significance and found the citation analytics questionable. (CAR 005-006). In its denial letter, USCIS's explained that "assertions of counsel do not constitute evidence," regarding the citation analytics, and that no evidence existed in the record to support counsel's opinion on the number of independent citations. (CAR 006.) Finally, regarding the additional expert letter submitted in response to the NOID, USCIS found that the letter was insufficient to meet the burden of proof as the writer did not present objective, documentary evidence in suppor. (CAR 007.)

In its final merits determination, USCIS found that Petitioner did not establish that he is an Alien of Extraordinary Ability. (CAR 008-010.) USCIS determined that Dr. Bhanu failed to establish any sustained national or international acclaim, or achievements that indicate he had risen to the very top of his field. *Id.* Emphasizing that the classification sought by Petitioner is "intended for individuals who are already at the top of their . . . field, rather than for those progressing toward the top," USCIS stated that upon its "careful review and analysis of all evidence within the record," Dr. Bhanu's petition was denied. (CAR 010.)

Dr. Bhanu now requests that this Court reverse USCIS's denial as violating the APA and remand the petition to USCIS for further consideration. (ECF No. 14.)

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 56, which governs summary judgment, operates differently in an appeal of an administrative agency's decision under the APA. "In a case involving review of a final agency action under the Administrative Procedure Act, 5 U.S.C. § 706, [], the standard set forth in Rule 56(c) does not apply because of the limited role of a court in reviewing the administrative record." *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 89 (D.D.C. 2006) (internal quotations and citations omitted). Instead of considering whether there are genuine disputes of material fact, the district court "sits as an appellate tribunal." *Am. Bioscience Inc., v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). "The entire case on review is a question of law," and a court should only consider "arguments about the legal conclusion to be drawn about the agency action." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). This review is, therefore, based on "the administrative record already in existence" at the time of the agency action. *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam).

"Under the APA, it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* at 90. A district court reviewing an agency decision shall "hold unlawful and set aside agency action, findings, and conclusions found to be – arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706(2)(a). This is a "deferential standard" that "presume[s] the validity of agency action." *SBC Inc. v. Fed. Commc'ns Comm'n*, 414 F.3d 486, 496 (3d Cir. 2005). "Under the 'arbitrary and capricious' standard the scope of review is a narrow one whereby a reviewing court must 'consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 95 S. Ct. 438, 440 (1974). The reviewing court is not generally empowered to conduct

a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

"Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983). If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. *Fla. Power & Light Co.*, 470 U.S. 729 at 744. However, Courts "will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id*. at 442. To take the unusual step of reversing an agency decision, this court would be required to find that "no reasonable factfinder" could have come to USCIS's conclusion. *Byrne v. Beers*, No. 13-6953, 2014 U.S. Dist. LEXIS 82070, at *11 (E.D. Pa. June 17, 2014).

IV.  DISCUSSION[4]

Dr. Bhanu argues that USCIS's denial of his visa petition was arbitrary and capricious because the agency did not appropriately apply the regulation in its analysis. First, Dr. Bhanu asserts that USCIS did not consider all appropriate evidence when assessing his petition under 8 C.F.R. §§204.5(h)(3)(iv) and 204.5(h)(3)(v). Second, Dr. Bhanu asserts that USCIS imposed a novel evidentiary requirement under each of these regulations.

---

[4] The Court notes that it has reviewed and considered all of Plaintiff and Defendants' notices of supplemental authority. (ECF Nos. 32, 33, 34.) The authority provided in Plaintiff's notice (ECF No. 34) is factually distinct from this case and is not binding on this court.

### A. Statutory and Regulatory Framework

The Immigration Act of 1990 (the "Act") expanded the United States visa system by increasing the number of employment-based immigrants admitted annually to 140,000. 8 U.S.C. 1151(d)(1)(A). If awarded, these employment-based immigrant visas give the applicant permanent resident status in the United States. 8 U.S.C. § 1151(a). The Act allocates employment-based visas based on five categories of immigrants: (1) priority workers; (2) applicants who are members of the professions holding advanced degrees or aliens of exceptional ability; (3) skilled workers, professionals, and other workers; (4) certain special immigrants; and (5) those entering the United States for the purpose of engaging in a new commercial enterprise. 8 U.S.C. § 1153(b). Each of these categories receives a certain portion of the total employment-based visas allocated each year.

The first category of visa, priority workers, is called an EB-1 visa. It is further subdivided into three categories: (a) aliens with extraordinary ability in the sciences, arts, education, business, or athletics; (b) outstanding professors and researchers; and (c) certain multinational executives and managers. 8 U.S.C. § 1153(b)(1). Priority workers visas contain certain advantages compared to other categories. For example, applicants for an "exceptional ability" employment-based visa, or a "skilled workers" employment-based visa, would have to go through a labor certification process. 8 C.F.R. § 204.5(k)(4), (l)(3)(i). Often, this process can be time-consuming, since it "requires that employers first test the marketplace for existing qualified domestic workers." *Kazarian v. U.S. Citizenship & Immigr. Servs.*, 596 F.3d 1115, 1120 (9th Cir. 2010); *see also* 20 C.F.R. § 656.17 (containing the regulations surrounding the basic labor certification process, including the typical pre-filing recruitment process, requiring employers to demonstrate that they advertised the position and took additional recruitment steps). However, the "extraordinary ability" visa, the "outstanding professors and researchers" visa, and the "multinational executives and

10

managers" visa do not require this time-consuming labor certification process. 8 C.F.R. § 204.5(h)(5), (i)(iv), (j)(5).

Dr. Bhanu opted to take this priority route when he filed a petition seeking to classify himself as an alien with extraordinary ability under 8 C.F.R. §204.5(h). To qualify under this category Dr. Bhanu needed to file an I-140 petition with USCIS, and indicate that he intended to continue to work in the United States in a manner that would substantially and prospectively benefit the United States. 8 U.S.C. 1153(b)(1)(A). Dr. Bhanu's petition needed to show that he has sustained national or international acclaim and that his achievements had been recognized in his field of nanotechnology—either by earning a major, internationally recognized award, such as a Nobel Prize, or alternatively by meeting three of the ten outlined criteria under 8 C.F.R. 204.5(h)(3)(i)—(x), or other comparable evidence. 8 C.F.R. 204.5(h)(3).

To show that he had sustained national or international acclaim and that his achievements had been recognized in his field of nanotechnology, Dr. Bhanu offered evidence as to three of the possible qualifiers under 8 C.F.R 204.5(h)(3)(iv)-(vi):

> (iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;
>
> (v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;
>
> (vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;

USCIS stated in its final denial that Dr. Bhanu provided sufficient evidence to satisfy the authorship qualification under 8 C.F.R 204.5(h)(3)(vi) but had failed to provide sufficient evidence for the other two categories. (CAR 001-011.) In addition, USCIS stated that under the two-part approach, Dr. Bhanu also failed to supply evidence that allowed USCIS to make a total merits

determination by a preponderance of the evidence "that he has sustained national or international acclaim, that he is one of the small percentage at the very top of the field of endeavor, and that his achievements have been recognized in the field through extensive documentation." (CAR 008.) The issue in this case revolves around whether USCIS's denial was arbitrary and capricious such that this Court must set it aside under 5 U.S.C. §706(2)(a).

### B. USCIS' Denial was not Arbitrary or Capricious

Dr. Bhanu argues that USCIS' denial was arbitrary and capricious for two reasons. First, USCIS improperly assessed his evidence of "participation either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought" (8 C.F.R. 204.5(h)(3)(iv)) by discounting his screen captures of editorial board member status on the International Journal of Nanotechnology and Applications (IJNA) and emails thanking him for peer reviewing articles. (ECF No. 25 at 15.) Dr. Bhanu further alleges USCIS improperly assessed this evidence by imposing novel evidentiary standards not included in the regulation by requiring him to show that he was on an editorial board and that he provide the titles of each work adjudicated. (ECF No. 26 at16-18).  Second, Dr. Bhanu argues USCIS improperly assessed his evidence showing "original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field" (8 C.F.R. 204.5(h)(3)(v)) by (1) discounting expert opinion letters written in support of his visa petition (ECF No. 25, at 19-22), and (2) by imposing novel evidentiary standards requiring Dr. Bhanu to show that his contributions have changed the way nanotechnology has advanced or influenced the field as a whole, or had substantial influence on the overall field. (ECF No. 25 at 19.) The Court addresses each of these arguments in turn.

### 1. Dr. Bhanu's evidence under 8 C.F.R. 204.5(h)(3)(iv) – Participation as a Judge of Others' Works

The Court first finds that USCIS's evaluation of Dr. Bhanu's evidence under 8 C.F.R. 204.5(h)(3)(iv) was proper. To show evidence of his participation as a judge of others' work, Dr. Bhanu supplied screen captures of the IJNA website listing his name on their editorial review board as well as emails sent to Dr. Bhanu thanking him for peer reviewing a handful of articles from other non-IJNA publications. (CAR 302, 505-509.) USCIS stated in its denial on July 21, 2022 that "the evidence of record did not show the self-petitioner met the regulatory criteria." (CAR 004.) USCIS explained that "no evidence was submitted to show the duties of an editorial member of the IJNA, or that he has indeed reviewed any work for the [IJNA]." (*Id*.) USCIS also explained that Dr. Bhanu, in his response to the NOID, included a diagram showing the different steps taken by the Journal of Knowledge Management (which Dr. Bhanu does not allege he works for) when reviewing manuscripts, in order to gain approval by the Chief Editing Officer. (CAR 80-83). Still "no evidence was provided to show that the self-petitioner was an editor for the Journal of Knowledge Management nor how the Journal of Knowledge Management is affiliated with the IJNA." (CAR 004.) "Therefore the print-out of the copy-editing process is not instructive." (CAR 004.) Additionally, "No information was provided to show the self-petitioner has reviewed manuscripts for the IJNA, as requested in the NOID, or to show that the self-petitioner is the CEO for the Journal of Knowledge Management". (*Id.*) USCIS also states that "[w]hile USCIS may not discuss every document submitted, USCIS has reviewed and considered each one." (CAR 010.)

Dr. Bhanu argues that by not discussing the emails included in his evidence, USCIS discounted or disregarded evidence on the record. (ECF No. 28 at 17). And by requiring that Dr. Bhanu show how he is on the editorial board for the Journal of Knowledge Management, he claims that USCIS introduced a novel evidentiary standard. (*Id.*) The Court disagrees. As to the emails

13

provided, USCIS explains that "[w]hile it is true that the e-mails were not included in the initial production of the CAR, that was from a copying oversight" and these emails were later included in the record. (ECF No. 28 at 14-15.) USCIS states that it did in fact review them but that "none of these emails appears to be from the IJNA or shows that Dr. Bhanu reviewed the work of others for the IJNA." (ECF No. 28 at 14.)

Dr. Bhanu's argument that USCIS is imposing a novel evidentiary standard, requiring him to be on an editorial board and provide titles of each work he reviewed, is not compelling. (ECF No. 29 at 16.) Rather, the Court agrees with and defers to USCIS's finding that Dr. Bhanu's attempt to use his status as a member of the IJNA's editorial board alone to establish that he is a judge for that publication is insufficient. (CAR 004). Dr. Bhanu offered no other evidence relating to his role as a member, such as titles of reviewed works for that journal, or specific standards pertaining to the field of endeavor relating to such adjudication. (*Id.*) USCIS explained that Dr. Bhanu's submission fails to show a link or connection between his established role with IJNA and concrete evidence of Dr. Bhanu's review of journal submissions. (*Id.*)

Similarly, USCIS stated that Dr. Bhanu's additional evidence was also incomplete. (*Id.*) The thank you emails submitted do not demonstrate the connection between Dr. Bhanu's involvement and concrete evidence of his actual review or judgment. (CAR 302, 505-509.) While the standard does not specify that titles of every work judged by a petitioner is required under 8 C.F.R. 204.5(h)(3)(iv), USCIS explains at least a modicum of information as to the petitioner's adjudicating work is necessary. (CAR 004.) Ultimately, if USCIS cannot identify who or what Dr. Bhanu judged, then the agency's denial was correct and should be affirmed. *Guida v. Miller*, No. 20-cv-1471, 2021 WL 568850, at *8 (N.D. Cal. Feb. 16, 2021) (affirming agency's denial where "agency said that there were no details about what event the plaintiff was judging, who he

was judging, or the basis for [the plaintiff's] knowledge [in her letter] of or the Federation's authority regarding the plaintiff's judging history").

Since the evidence supports the agency's action, the Court finds no reason to overturn its decision regarding Dr. Bhanu's failure to meet the evidentiary criteria for judging others' works under 8 C.F.R. 204.5(h)(3)(iv).

### 2. Dr. Bhanu's evidence under 8 C.F.R. 204.5(h)(3)(v) – Original Contributions of Major Significance in the Field

The Court also finds that USCIS' evaluation of Dr. Bhanu's evidence under 8 C.F.R. 204.5(h)(3)(v) was proper. To show evidence of Dr. Bhanu's original contributions of major significance in his field, he supplied nine letters of recommendation and citation statistics for his published work in nanotechnology. (CAR 18-37.) USCIS indicated in its denial on July 21, 2022 that "[i]n this case, the self-petitioner failed to provide any evidence to show that his publications have attracted a level of interest in his field consistent with someone who has made original contributions of major significance." (CAR 007.) Regarding Dr. Bhanu's citation records, his Google Scholar profile was submitted into evidence showing 420 citations to his work. (CAR 006.) Dr. Bhanu's brief asserted that under Google Scholar's calculation scheme, at least 414 of those must have been independent citations from other scientists. (*Id.*). USCIS rejected this assertion, explaining that, despite Dr. Bhanu's counsel's statement that Google Scholar calculates only independent citations, "the assertions of counsel do not constitute evidence" ((CAR 006) (citing *Matter of Obaigbena*, 19 I&N Dec. 533, 534 (BIA 1988); *Matter of Ramirez-Sanchez*, 17 I&N Dec. 503, 506 (BIA 1980))). Rather, the record failed to offer evidence of the 414 independent citations or how those citations demonstrate original contributions of major significance. (CAR 006.)

15

Regarding Dr. Bhanu's letters of recommendation, USCIS said "[t]he reference letters do not contain detailed information showing the substantial influence the self-petitioner's contributions have had on the overall field. . . [and] letters that lack specifics do not add value, and are not considered to be probative evidence that may form the basis for meeting this criterion." (CAR 006.) Specifically, regarding Dr. Lagadic's expert letter, USCIS said "Dr. Lagadic did not submit any objective documentary evidence to support her statements, or . . . [show] the major significance that [Dr. Bhanu's contributions] have had in the field." (CAR 007.) Altogether, "[w]ithout documentation showing that the self-petitioner's work has made original contributions of major significance in the field, USCIS is unable to conclude that this criterion has been met." (CAR 007-008.)

Dr. Bhanu argues that by not discussing every single reference letter submitted, USCIS discounted or disregarded evidence, and by requiring that Dr. Bhanu show his contributions have had a major significance in his field as a whole, USCIS introduced a novel evidentiary standard. (ECF No. 25 at 15-22.) The Court disagrees. As to the letters of recommendation not directly addressed in the July 21, 2022 denial, USCIS argues that "the agency's denial thoroughly evaluated each letter Dr. Bhanu submitted and explained its deficiencies – concluding that while the letters praise his work, they never demonstrate how he has made an original contribution that had a significant impact on the field of nanotechnology." (ECF No. 28 at 19.) The Court agrees that USCIS had the authority to find the letters insufficient, and that not addressing each, one by one, in its denial, the Agency was "within its rights to discount as conclusory and/or insubstantial the evidence proffered. . . and to insist on a more substantial showing." *Noroozi, et al. v. Napolitano, et al.,* 905 F. Supp. 2d 535 (S.D.N.Y. 2012)(citations omitted) (holding agency decision not arbitrary or capricious where agency found reference letters with limited detail on

petitioner's satisfaction of regulatory criteria insufficient to form the basis for required evidence.). "In short, the agency did give some weight to the letters—just not the weight [petitioner] would prefer. In these circumstances, the Court cannot conclude that the agency's decision was arbitrary." *Visinscaia v. Beers,* 4 F. Supp. 3d 126, at 135 (D.D.C. 2013) (holding agency decision not arbitrary or capricious where denial of contributions criteria was based on references letters' lack of specifics showing major significance of contributions).

As to Dr. Bhanu's argument that USCIS introduced a novel evidentiary standard when it required that he show how his contributions influenced the field as a whole (ECF No. 25 at 19), this argument also fails. USCIS has not introduced a new standard, but is looking for the criteria outlined in the regulation: Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance *in the field*. 8 C.F.R. 204.5(h)(3)(v) (emphasis added). "[T]he regulatory requirement that the petitioner demonstrate the 'major significance' of any original contributions means that the petitioner's work must significantly affect [his] field of endeavor." *Visinscaia*, 4 F. Supp. 3d at 134. USCIS explained that Dr. Bhanu's "letters did not provide any specific information or documentary evidence about the original contributions of major significance that [his] work has had in the field as whole." (CAR 006.) Regarding the citation statistics offered by Dr. Bhanu, USCIS found that Dr. Bhanu "has not demonstrated that the number of citations received by his published articles reflect a level of interest in his work from relevant parties to meet this criterion." (*Id*.) Given that the evidence on record supports the agency's action, the Court finds no reason to overturn the agency's decision regarding Dr. Bhanu's failure to meet the evidentiary criteria under 8 C.F.R. 204.5(h)(3)(v).

### 3. The Final Merits Determination

Having discussed why it will not overturn any part of USCIS's decision as to the first step of the *Kazarian* two-part approach, the Court now explains why it will similarly decline to overturn USCIS' decision as to the second step. Under the second step, USCIS evaluates whether, considering the totality of the evidence, the petitioner is at the very top of the field of endeavor.

In evaluating Dr. Bhanu's petition in making its final merits determination, USCIS properly considered the totality of the evidence. Regarding Dr. Bhanu's work as a judge, USCIS found that because Dr. Bhanu did not offer evidence that "sets him apart from others in his field, such as evidence that he has a consistent history of completing a substantial number of review requests relative to others, served in editorial positions for distinguished journals or publications, or chaired technical committees for reputable conferences" (CAR 009). Dr. Bhanu failed to provide sufficient evidence that "his peer review experience places him among that small percentage who has risen to the very top of the field of endeavor." (*Id*.) Regarding his contributions to the field, USCIS stated that "[w]hile these letters discuss his research contributions, showing how highly regarded he is among those who have worked with him, this evidence does not establish that he has national or international acclaim in the field." (*Id*.) Lastly, and despite prevailing on this category in step one, Dr. Bhanu "did not establish that his authorships reflects that he is among the small percentage at the very top of his field." (*Id*.) Dr. Bhanu "for instance, did not show the significance of his authorships or how his publications compare to others who are viewed to be at the very top of their field." (*Id*.)

Viewed altogether, USCIS's decision to deny Dr. Bhanu's petition at each step in the process had a "rational connection between the facts found and the choice made." *J. Andrew Lange, Inc. v. FAA*, 208 F. 3d 389, 391 (2d Cir. 2000). As such, the Court holds that the record supports USCIS's finding on its final merits determination.

V.   **CONCLUSION**

For the reasons stated above, the Court **DENIES** Dr. Bhanu's motion for summary judgement. The Court **GRANTS** Defendants' cross motion for summary judgment. Judgment is entered in favor of the Defendants. The parties shall bear their own costs, and the Clerk is directed to close the case.

**SO ORDERED.**

BY THE COURT:

/s/ **Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**